UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL STORMAN,

Plaintiff,

v.

ARROWHEAD HOUSING CORP.,

Defendant.

No.  2:25-cv-2981 DJC AC PS

ORDER

Plaintiff is proceeding in this action pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).  Before the court is a motion for reasonable accommodations which summarily requests various forms of relief, including a waiver of costs and fees, appointment of an attorney, recusal of the undersigned, and a commitment to decide all motions on the papers without any hearings.  ECF No. 3.  Plaintiff subsequently renewed his request for appointment of counsel in a separate motion.  ECF No. 4.

I.     COST WAIVER

The court has previously granted the motion to proceed in forma pauperis and thus waived initial filing fees.  ECF No. 6.  However, the Supreme Court has held that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress."  United States v. MacCollom, 426 U.S. 317, 321 (1976).  The Ninth Circuit has therefore concluded that even after a court has permitted a plaintiff to proceed IFP and waived the filing fee, 28 U.S.C. § 1915 does not authorize waiver of other fees and costs.  Tedder v. Odel, 890 F.2d

1

210, 211-12 (9th Cir. 1989). Specifically, the granting of IFP status does not exempt a litigant from paying the costs of copying and filing documents or service of documents other than the complaint. Beckely v. Raith, No. C 13-02707 WHA, 2013 U.S. Dist. LEXIS 147621, 2013 WL 5568237 (N.D. Cal. October 9, 2013) (citing Porter v. Dept. of Treasury, 564 F.3d 176, 180 n.3 (3rd Cir. 2009)).

For these reasons, while the court is sympathetic to any financial difficulties plaintiff may face, the motion to further waive fees and costs is denied.

## II.    APPOINTMENT OF COUNSEL

There is no absolute right to counsel in civil proceedings. Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994). Courts may request an attorney to represent a person who is unable to afford counsel, but should only do so in exceptional cases, where the circumstances present difficulties beyond what any pro se litigant encounters. 28 U.S.C. § 1915(e)(1); United States ex rel. Gardner v. Madden, 352 F.2d 792, 794 (9th Cir. 1965); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). To determine whether exceptional circumstances exist, courts assess "the likelihood of success on the merits as well as the ability of the petitioner to articulate [the] claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's standalone motion for appointment of counsel asserts that he is a 75-year-old man with multiple chronic conditions who cannot afford his own attorney. ECF No. 4. Though the Court is sympathetic to plaintiff's situation, his age and health do not make his circumstances exceptional. Plaintiff presented a claim under the Fair Housing Act that passed screening. ECF No. 6. It thus appears that he is able to adequately articulate his claims. The motion for appointment of counsel is therefore denied without prejudice.

## III.    DECIDING MOTIONS ON THE PAPERS

Plaintiff requests that all motions in his case be decided based on the written record without court hearings. ECF No. 3. He does not explain the reasons for this request, or how it accommodates his specific disabilities. Nonetheless, the court will respect plaintiff's wishes to the extent possible. The undersigned will honor plaintiff's preference for matters to be decided

2

on the papers, unless the court determines in a specific instance that a hearing is necessary.  In such case the court will offer plaintiff his choice of a hearing in person, via videoconferencing using the Zoom application, or via telephonic appearance.

## IV.    RECUSAL

Plaintiff argues that the undersigned must recuse herself from this case because she has taken a "negative attitude toward" him in past cases, having always ruled against him.  ECF No. 3. Plaintiff does not identify the cases in which the undersigned has made such adverse decisions. In any case, "[a] judge's adverse rulings, without more, do not furnish grounds for recusal." Jasmin v. Santa Monica Police Department, 828 Fed. Appx. 347, 350 (9th Cir. 2020) (citing United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978)).  The relevant question under 28 U.S.C. § 455(a) is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."  United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quoting In re Mason, 916 F.2d 384, 385 (7th Cir.1990)).  The source of the bias must therefore be "something other than rulings, [or] opinions formed or statements made by the judge" during the course of a case.  Holland, 519 F.3d at 914 (citing Liteky v. United States, 510 U.S. 540, 554–56 (1994)).

Plaintiff alleges no extra-judicial source of bias.  Accordingly, the motion for recusal is denied.

## V.    CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request for waiver of further costs and fees (ECF No. 3) is DENIED;

2. Plaintiff's motion for appointment of counsel (ECF Nos. 3, 4) is DENIED;

3. Plaintiff's request to have all future motions in this action decided without hearings (ECF No. 3) is GRANTED IN PART AND DENIED IN PART.  The court will honor plaintiff's preference to the degree that doing so is consistent with the interests of justice.  Should the court conclude that hearing on a particular matter is warranted, plaintiff will be given the options of appearing in person, vis videoconference, or via telephone; and

3

4.  Plaintiff's motion for recusal of the undersigned (ECF No. 3) is DENIED.

SO ORDERED.

Date: February 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE