UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL STORMAN,<br><br>Plaintiff,<br><br>v.<br><br>ARROWHEAD HOUSING CORP.,<br><br>Defendant. | No.  2:25-cv-2981 DJC AC PS<br><br><br>ORDER |

Plaintiff has filed three motions seeking reconsideration of prior orders, ECF Nos. 15, 16 & 17, and a motion seeking reassignment of the case to a different magistrate judge, ECF No. 13. These motions will be denied.  For plaintiff's benefit, the court will provide information below about the management of pro se litigation in the Eastern District of California, and the process for seeking review of a magistrate judge's orders.[1]

/////

/////

---

[1] It is the practice of the undersigned to provide this information to pro se litigants at the initial scheduling conference or hearing on a first motion in a case, and to answer any questions that the pro se party has.  In this case, plaintiff has specifically requested as an accommodation for his disabilities that all case information be provided in writing and that no hearings be held.  ECF No. 3.  The undersigned has expressed the intention to honor plaintiff's preference to the extent that doing so is consistent with the interests of justice.  ECF No. 9.

1

I.        The Respective Roles of the District Judge and the Magistrate Judge

Like all civil cases, this case has been assigned to both a United States District Judge, Hon. Daniel J. Calabretta, and a United States Magistrate Judge, Hon. Allison Claire.[2]  These two judges handle different aspects of the case.  If the case proceeds to trial, Judge Calabretta will be the trial judge.  Because plaintiff is proceeding without a lawyer, the case is referred to the magistrate judge for pretrial purposes by Local Rule 302(c)(21).  That means the magistrate judge will manage the case, conduct any pretrial hearings, and handle all pretrial motions in the first instance.

Magistrate judges have the authority in all civil cases to rule on "non-dispositive" matters.  28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed. R. Civ. P.   A "non-dispositive" motion is a pretrial request that does not decide or resolve any claim or defense.  This means the magistrate judge can decide most motions *other than* motions to dismiss or for summary judgment.  In this case, the magistrate judge will decide all matters related to scheduling, discovery, the status or appointment of counsel, procedural issues, requests for miscellaneous relief, and other matters that do not resolve the merits of any claim or defense.

Magistrate judges do not have the authority to issue final rulings on "dispositive" motions (such as motions to dismiss or for summary judgment)—i.e., motions that do resolve claims or defenses—unless all parties consent to a magistrate judge serving as the presiding judge.  Even without such consent, however, district judges may and often do refer dispositive matters to magistrate judges for the preparation of Findings and Recommendations.  28 U.S.C. § 636(b)(1)(B); Rule 72(b)(1).  Where there has been such a referral—including in all pro se cases under Local Rule 302(c)(21)—the district judge has the final word on dispositive matters.  The magistrate judge considers the briefs, analyzes the motion, conducts any hearings, and submits Findings and Recommendations for the district judge's review.  The parties are then given the opportunity to object in writing, and the district judge will consider any objections before making the final decision.   28 U.S.C. § 636(b)(1)(C); Rule 72(b)(2), (3); Local Rule 304(b).

---

[2] The initials "DJC" and "AC" following the case number refer to the assigned judges.

2

Sometimes in cases which have been referred to the magistrate judge under Local Rule 302(c)(21), a party will file a potentially dispositive motion which is formally defective in that it does not comply with specific requirements of the Local Rules or the Federal Rules of Civil Procedure.  When the magistrate judge denies a motion on grounds of non-compliance with the rules—for example, because the motion is not accompanied by required documents, or does not address issues that are essential to the motion's resolution—the ruling is simply that the motion *as filed* cannot be considered.  Such denial is "without prejudice" to refiling the motion in proper form.  In such cases, the magistrate judge is exercising her case management function and is not ruling on the substance of the motion at all.

II.    Requests for Reconsideration

A.  In General

All judges have the discretion to reconsider their own orders, Ayers v. City of Richmond, 895 F.2d 1267, 1269 (9th Cir. 1990), but motions for reconsideration are disfavored. Reconsideration is generally appropriate only where there has been an intervening change in law, new evidence is presented, or there is need to correct a clear error or prevent manifest injustice. Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp.656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  Local Rule 230(j) requires a party seeking reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion."  Id.

Motions for reconsideration are considered under the above standards by the judge who issued the order.  The only exception to this general rule is that a party may seek the district judge's review of a magistrate judge's order on a non-dispositive matter.  The district judge may overturn the order only if the magistrate judge's decision was "clearly erroneous or contrary to law."  Rule 72(a); 28 U.S.C. § 636(b)(1)(A).  In order to obtain review by the district judge, a party must file a Request for Reconsideration by the District Judge of Magistrate Judge's Ruling within 14 days of the magistrate judge's order.  Local Rule 303(c).  The document must be

3

captioned "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling." Id. The party seeking reconsideration must explain why the magistrate judge's decision was clearly erroneous or contrary to law.

### B. Plaintiff's Motions (ECF Nos. 15, 16 & 17)

None of plaintiff's motions for reconsideration are captioned as requests for district judge review of a magistrate judge's ruling, and none of them state internally that plaintiff seeks Judge Calabretta's review of the challenged orders. There are ambiguous references to the former Chief Judge of the Eastern District, but the Chief Judge does not have authority to review or overturn orders in specific cases. Accordingly, the undersigned will address these motions.

Plaintiff has not identified any grounds for reconsideration of the orders at ECF No. 11 (denying, without prejudice to refiling in proper form, a request for preliminary injunction that did not comply with Local Rules 230 and 231(j) and failed to provide a legal or factual basis for preliminary injunctive relief) or ECF No. 9 (denying request for appointment of counsel and granting in part and denying in part request to hold no hearings in the case). Plaintiff's objection to the results is not a cognizable basis for reconsideration of a prior order. Accordingly, plaintiff's motions for reconsideration (ECF Nos. 15, 16 & 17) are denied.

In the future, if plaintiff wishes the assigned district judge to review the undersigned's orders on non-dispositive matters, he should caption his document "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling" and explain why he believes the ruling was "clearly erroneous or contrary to law."

### III. Motions for Reassignment or Recusal

#### A. In General

Judicial assignments to cases in the Eastern District follow the procedures set forth in the court's Automated Case Assignment Plan, which is Appendix A to the Local Rules. See Local Rule 120(e). Reassignments are limited to specific circumstances that do not include requests from parties. See Appendix A, subsection (f). Cases will, however, be reassigned if an assigned judge is disqualified. Id. at (f)(3). Disqualification may be based on recusal, and any request for reassignment will therefore be construed as a motion for recusal.

The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)).  Recusal is governed by 28 U.S.C. §§ 144 and 455.  Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (citation omitted).

B.  Plaintiff's Request for Transfer to Different Magistrate Judge (ECF No. 13)

The court construes plaintiff's request for transfer of the case to a different magistrate judge, ECF No. 13, as a motion for recusal.  Plaintiff implies that the undersigned is biased against him, but he has identified no extrajudicial source of bias.  The court's denial of plaintiff's previous motions, in this case or others, does not support a claim of partiality.  Accordingly, the motion is denied.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's motion to transfer the case to a different magistrate judge (ECF No. 13) is DENIED;

2.  Plaintiff's motion for reconsideration of the minute order at ECF No. 11 (ECF No. 15) is DENIED; and

3.  Plaintiff's motions for reconsideration of the order at ECF No. 9 (ECF Nos. 16 & 17) are DENIED.

Dated:  March 3, 2026.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5