UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STORMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>ARROWHEAD HOUSING CORP.,<br><br>          Defendant. | No.  2:25-cv-2981 DJC AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's Motion for Preliminary Injunction (ECF No. 19) and Motion for Summary Judgment and Temporary Restraining Order (ECF No. 28).  For the reasons explained below, it is recommended that both motions be denied.

<h3 style="text-align:center">I.     Background</h3>

Plaintiff filed a complaint on October 15, 2025, seeking relief from sole defendant Arrowhead Housing Corporation for disability discrimination and elder abuse.  ECF No. 1. Though difficult to decipher, the handwritten complaint appears to allege that various employees of Arrowhead, including staff at plaintiff's residence, mistreated plaintiff and caused him physical and emotional injuries in violation of the Fair Housing Act.  See Meyer v. Holley, 537 U.S. 280 (2003) (corporate landlord is the proper defendant in FHA lawsuit and is vicariously liable for the actions of its officers and employees).  The undersigned accordingly ordered service of the complaint, ECF No. 11, which has not yet been accomplished.  See ECF No. 27.

Plaintiff previously filed a motion for preliminary injunction which was denied without

1

prejudice to refiling because it was not in proper form and did not include necessary information. See ECF No. 11. Plaintiff was directed to the rules governing motions for preliminary injunctive relief and to the standards governing such motions. Id. In the interests of judicial economy, the undersigned will overlook any technical non-compliance with the applicable rules in regards to the matters now before the court.

II.      Motion for Preliminary Injunction (ECF No. 19)

A.  The Motion

Like all of plaintiff's filings in this case, the motion for preliminary injunctive relief is handwritten, very difficult to decipher, and difficult to understand. Plaintiff apparently seeks a preliminary injunction directed to staff at his residence and two housing managers, all of whom are Arrowhead employees. The precise nature of the injunctive relief sought is unclear, although given the nature of plaintiff's apparent grievances it seems likely that he seeks to avoid a threatened eviction[1] and stop further behavior that he experiences as threatening and hostile. ECF No. 19.

B.  Standards Governing Preliminary Injunctive Relief

A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, 2011 WL 5882878, *3, 2011 U.S. Dist. LEXIS 135316, *9 (N.D. Cal. Nov. 23, 2011) (citation omitted). The plaintiff, as the moving party, bears the burden

---

[1] Plaintiff does not allege that eviction is imminent, but that he has previously "received 2 or 3 warnings about possible eviction if my housekeeping of my residence isn't fixed." ECF No. 19 (motion) at 3; ECF No. 1. (complaint) at 4.

2

of establishing the merits of his claims.  See Winter, 555 U.S. at 20.

C.  Discussion

The motion must be denied because it is impossible to conclude at this time that plaintiff has a likelihood of success on the merits.  The allegations of the complaint and those asserted in the motion are not entirely comprehensible.  The court can tell that plaintiff has in the past been threatened with eviction for poor housekeeping, ECF No. 1 at 4, ECF No. 19 at 3; that there was an incident in which he was sprayed with cleaning fluid, ECF No. 1 at 4, ECF No. 19 at 3; that he once called the police to the residence but that no one was arrested, ECF No. 1 at 5, ECF No. 19 at 4; that he reported elder abuse to his doctor, ECF No. 1 at 8 (Exhibit C, clinical note); and that he believes he has been continuously harassed by Arrowhead employees, ECF Nos. 1 and 19, passim.  The allegations of elder abuse and disability discrimination are conclusory.[2]  These allegations do not demonstrate a likelihood that plaintiff will prevail on the merits of a claim that his rights under the Fair Housing Act were violated.  Accordingly, it is unnecessary to address the other Winters factors.

### III.  Motion for Summary Judgment (ECF No. 28)

A.  The Motion

This motion is also difficult to decipher and to comprehend.  Plaintiff summarily argues that he is entitled to judgment because the facts of the case are indisputable.  ECF No. 28 at 1.  He repeats his conclusory allegations of elder abuse and disability discrimination.  Id., passim.  He seeks judgment in his favor and relief in the form of $10 million dollars in damages and a TRO on unspecified terms.  Id. at 2, 5.

B.  Standards Governing Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627

---

[2]  Plaintiff alleges that he is elderly and that he suffers from multiple disabling conditions, and that he has experienced mistreatment of various kinds.

F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  In sum, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Id. at 587 (citation and internal quotation marks omitted).

C. Discussion

As the above standards make clear, summary adjudication under Rule 56 is an adversarial process.  It cannot be accomplished where, as here, the defendant has not yet appeared and cannot attempt to dispute the moving party's statement of undisputed facts.  Moreover, summary judgment practice requires that the evidence has been developed.  This case has not even entered the discovery phase, so there can be no meaningful "assess[ment of] the proof."  Matsushita, 475 U.S. at 587.  Accordingly, the motion for summary judgment should be denied as premature.

To the extent this motion seeks a temporary restraining order, it also fails.  The standard for issuing a TRO is essentially the same as that governing the issuance of a preliminary injunction, including the requirement that the moving party demonstrate a likelihood of success on the merits.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  For all the reasons explained above, plaintiff has not done so.  Accordingly, no form of preliminary injunctive relief is available.

////

////

4

IV.    Plain English Summary for Pro Se Plaintiff

The magistrate judge is recommending that your motion for a preliminary injunction and request for a TRO be denied because you have not shown that you are likely to succeed on the merits of your claim(s). The magistrate judge is also recommending that your motion for summary judgment be denied because the defendant has not yet appeared and had the chance to oppose summary judgment. The Federal Rules of Civil Procedure require that the opposing party have such an opportunity. The district judge will make the final decision after considering any objections that you file. See below for details about the objection process.

CONCLUSION

For the reasons explained above, it is HEREBY RECOMMENDED that plaintiff's Motion for a Preliminary Injunction (ECF No. 19) and Motion for Summary Judgment and Motion for Temporary Restraining Order (ECF No. 28) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 31, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE